## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERNEST I. MULLER,<br><br>          Plaintiff,<br><br>     v.<br><br>PERKIN ELMER, SUCCESSOR OF<br>EDGARTON, GREER AND<br>GERNESHAUSEN, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  NO. 04 - 11702 (RGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant PerkinElmer, Inc. ("PerkinElmer") respectfully requests the Court to dismiss the above captioned action. Plaintiff Ernest Muller ("Muller") fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Moreover, even if one could interpret Muller's allegations in a way that might constitute a possible claim upon which relief could be granted, all applicable statutes of limitation have run, estopping Muller from bringing any cause of action.

## I.     FACTUAL BACKGROUND

Muller alleges that federal agents prevented him from marketing various inventions, including a radiation and monitoring device. Muller further alleges that federal agents entered his "place," stole drawings and descriptive material of his monitoring device, and gave its design to PerkinElmer (formally known as Edgerton, Germeshausen, and Grief, Inc. ("E G and G")).

Muller also alleges that PerkinElmer offered to pay him royalties for the monitoring device, but was prevented from doing so by the federal agents.

Based on the exhibits provided by Mr. Muller with the complaint, the alleged events upon which the complaint is based purportedly took place in the 1960 -1961 timeframe. (See Muller Compl. at Exhibits 1 and 2.)


## II.    STANDARD OF REVIEW

"In adjudicating motions to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all allegations in the complaint[] as true and all reasonable inferences must be drawn in favor of the plaintiffs.  The complaint[] should be dismissed only if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Limone v. United States, 271 F. Supp. 2d 345, 349 (D. Mass. 2003) (internal citations omitted).


## III.    ARGUMENT

PerkinElmer has carefully analyzed Muller's allegations and, even taking them as true, can find no claim upon which relief could be granted.  Furthermore, any possible claim appears time barred.

### A.    Federal Tort Claims Act

Muller alleges that the Court has jurisdiction over this matter under the Federal Tort Claims Act of 1946.  PerkinElmer, however, can not have any liability under this Act.  The Federal Tort Claims Act of 1946 applies only to claims against the United States and/or corporations that act principally as an instrumentality or agency of the United States. See 28 U.S.C. §§ 2671 et seq. and § 1346(b).  PerkinElmer is neither the United States nor acts as an

instrumentality or agency of the United States. Even in any role as a contractor to the United States, PerkinElmer would be excluded from liability under the Act. See 28 U.S.C. § 2871.

Furthermore, the Federal Tort Claims Act requires that a civil action be filed within six years after the right of action first occurs. See 28 U.S.C. § 2401. The events upon which Muller bases his allegations purportedly took place in 1960 – 1961, thus the statue of limitations has long run and Muller is estopped from pursuing any action under the Federal Tort Claims Act.

## B.    Patent Infringement

Muller's allegations do not support a claim of patent infringement. Indeed, Muller himself admits that he never sought or obtained any patent for the monitoring device allegedly produced by PerkinElmer. (See Muller Compl. at 2, Allegation No. 8.)

## C.    Trade Secret Misappropriation

Muller's allegations do not support a claim of trade secret misappropriation. "To demonstrate misappropriation of trade secrets under Massachusetts law, [a] plaintiff must prove: (1) the information in question is a trade secret, (2) reasonable steps were taken to preserve the secrecy of that information, and (3) a [party] 'used improper means, in breach of a confidential relationship, to acquire and use the trade secret.'" DB Riley v. AB Eng'g Corp., 977 F. Supp. 84, 89-90 (D. Mass. 1997). Muller does not allege that his alleged monitoring device or his alleged "drawings and descriptive material" contained trade secrets. Muller does not allege that steps were taken to preserve the secrecy of any trade secret. Neither does Muller allege the breach of a confidential relationship.

More importantly, Muller is estopped from bringing an action for trade secret misappropriation under Massachusetts law, which requires that actions for misappropriation of trade secrets be brought within three years after the cause of action accrues. See Stark v. Advanced Magnetics, Inc., 50 Mass. App. Ct. 226, 232 (Mass. App. Ct., 2000); See also G. L. c.

260, § 2A.  The events that form the basis of Mr. Muller's allegations purportedly took place in 1960 – 1961, thus the statue of limitations has run and Muller is estopped from pursuing any action for misappropriation of trade secrets.

**D.**    **Breach of Contract**

Muller alleges that PerkinElmer engineers promised that he would be paid a royalty for his monitoring device.  (See Muller Compl. at 2, Allegation No. 7.)  Even assuming that this alleged promise constitutes some form of enforceable contract, which subsequently was breached, Muller is estopped from bringing an action for breach of contract.  Massachusetts law requires that a contract action must be commenced within three years after the cause of action accrues.  See G. L. c. 260, § 2A.  The events that form the basis of Mr. Muller's allegations purportedly took place in 1960 – 1961, thus the statue of limitations has run and Muller is estopped from pursuing any action for breach of contract.


**IV.**    **CONCLUSION**

For all the reasons discussed above, defendant PerkinElmer respectfully requests the Court to dismiss the above-captioned action.

Respectfully submitted,

PERKINELMER, INC., SUCCESSOR OF EDGERTON, GERMESHAUSEN AND GRIER, INC.

By its attorneys,

John T. Gutkoski (BBO# 567182)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
Telephone: (617) 345-4600
Fax: (617) 345-4745

August 24, 2004

-4-

Of Counsel:

James Mahanna
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Fax: (203) 275-0343

## CERTIFICATE OF SERVICE

I, John T. Gutkoski, do hereby certify that I have served the within Defendant's Memorandum of Law in Support of Its Motion To Dismiss by causing copies to be mailed, first class postage prepaid, on this 24th day of August 2004 to:

Ernest Muller
62 Columbia Street
Brookline, MA   02446

Michael J. Sullivan
United States Attorney
District Of Massachusetts
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 9200
Boston, MA   02210

_____
John T. Gutkoski